IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **11-cv-152-JLK**

**MOLLY MARIE TRINEN**, on her own behalf and on behalf of a class of others similarly situated

    Plaintiff,

v.

**CITY OF AURORA**, a Colorado municipal corporation

    Defendant.

---

### MEMORANDUM OPINION AND ORDER

**Kane, J.**

The City of Aurora, Colorado, charges a $50.00 fee for each bond issued to persons wishing to secure their release from the City's detention center pending trial. The fee is used to cover the administrative costs of bond processing, and it is non-refundable – even if the party paying the fee is later acquitted of the underlying offense. Because the cost of administering cash and surety bonds is substantially similar, the City charges the same fee for both types of bonds. It does not, however, charge a fee for personal recognizance bonds.

On October 12, 2010, Plaintiff Molly Marie Trinen was arrested, charged with theft, and detained in the City of Aurora's detention center. Soon thereafter, she posted bond and paid the required fee.[1] After she was tried and acquitted of all charges, she sought a refund of the $50.00

---

[1] Defendant argues that the bond was actually paid by Plaintiff's father, who is also acting as her attorney in this matter. According to an affidavit attached to Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff's father claims that he payed the bail and the $50 Bail Bond Fee on Plaintiff's behalf as her agent. Because this argument is raised in

Bail Bond Fee.[2] The City of Aurora refused to refund the Bail Bond Fee, and she filed the instant class-action complaint alleging violations of the Substantive Due Process and Equal Protection Clauses of the 14th Amendment.

This matter is currently before me on the parties' Cross-Motions for Summary Judgment (docs. 9 and 13). For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.[3]

## STANDARD OF REVIEW

A motion for summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c)(2); *Adamson v. Multi. Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). A fact is material if it could affect the outcome of the suit under governing law; a dispute of fact is genuine if a rational jury could find for the nonmoving party on the evidence presented. *Adamson*, 514 F.3d at 1145. In weighing these standards, I draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

---

Defendant's Motion for Summary Judgment, Plaintiff is the non-moving party and I draw all inferences in her favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[2] Defendant argues that Plaintiff's father, not Plaintiff, requested a refund of the Bail Bond Fee. As noted *supra* at n.1, Plaintiff's father claims that he was acting as Plaintiff's agent in making this request. Once again, because Plaintiff is the non-moving party for purposes of this argument, I draw all reasonable inferences in her favor.

[3] Although Plaintiff has requested oral argument, the law is well-settled and I will not benefit from any further argument or explanation by the parties. Accordingly, I decide the parties' motions on their briefing.

Because the parties have filed cross motions for summary judgment, I am entitled "to assume that no evidence needs to be considered other than that filed by the parties . . . ." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quoting *James Barlow Family Ltd. P'ship v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997). This does not, however, mean that summary judgment is necessarily proper. The motions are to be treated separately, and denial of one does not require the grant of the other. *Id.* (quoting *Buell-Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979)).

In the instant case, the facts material to Plaintiff's claim are not in dispute;[4] instead, their quarrel focuses upon the constitutionality of Defendant's Bail Bond Fee. Accordingly, there is no genuine dispute of material fact, and summary judgment is appropriate. Fed. R. Civ. P. 56(c)(2); *Adamson*, 514 F.3d at 1145. I now turn my attention to the parties' legal arguments.

ANALYSIS

Plaintiff argues that Defendant's Bail Bond Fee amounts to a violation of her Substantive Due Process and Equal Protection Rights. I address each argument *seriatim*.

*Substantive Due Process*

Plaintiff's argument is most easily elucidated via the following syllogism: (1) an acquitted defendant may not be forced to pay the costs of prosecution, (2) the Bail Bond Fee is a cost of prosecution and Plaintiff was acquitted of all charges, (3) therefore, Defendant's failure to refund Plaintiff's Bail Bond Fee is unlawful. This argument necessarily fails because the Supreme Court has found that bail bond fees are administrative costs – not costs of prosecution.

---

[4] There is some dispute relating to whether Plaintiff is the real party interest. In light of the affidavit filed by Plaintiff in support of her Response to Defendant's Motion for Summary Judgment, however, I find that there is no genuine dispute that Plaintiff has standing to bring this claim on her behalf and on the behalf of others similarly situated.

*See Schilb v. Kuebel*, 404 U.S. 357, 370-71 (1971). Although Justice Douglas reached a contrary result in dissent, no court has accepted his invitation to revisit the Court's unequivocal holding. Plaintiff's attempt to distinguish the statute at issue in *Schilb* from Defendant's Bail Bond Fee provision is unavailing; indeed, the *Schilb* majority directly addressed and distinguished the primary authority relied upon by both Plaintiff and Justice Douglas. *See id.* at 370-71 (discussing *United States v. Giaccio*, 382 U.S. 399 (1966)). Plaintiff's substantive due process argument fails.

*Equal Protection*

Plaintiff's equal protection argument is slightly more difficult to decipher, but it seems to derive from Defendant's disparate treatment of criminal defendants who are arrested and those who are merely summonsed. Because Defendant's Bail Bond Fee provision does not discriminate against a protected class or implicate a fundamental right,[5] I review the challenged provision to determine if it is rationally related to a legitimate government purpose. *See United States v. Carolene Prods. Co.*, 304 U.S. 144, 152 n.4 (1938). Defendant's decision to charge a Bail Bond Fee for parties who are arrested and post bail is rationally related to the administration of the bail bond system. As posited by one court, it is easily surmised that "bail fees help offset the costs of paperwork and subsequent time required of sheriffs or clerks to keep track of those arrestees who are out on bail." *Broussard v. Parish of Orleans*, 318 F.3d 644, 660 (5th Cir. 2003). Accordingly, Defendant's Bail Bond Fee passes constitutional muster and Plaintiff's argument fails.

---

[5] The only conceivable classification involved in the Bail Bond Fee provision is between criminal defendants who are arrested and criminal defendants who are merely summonsed. Plaintiff does not contend that such individuals constitute a class meriting a heightened standard of review. Furthermore, bail bond fees implicate no fundamental right. *See, e.g., Schilb*, 404 U.S. at 484-85.

CONCLUSION

Plaintiff's arguments mirror those considered and rejected by the Supreme Court nearly forty years ago. There being no grounds for revisiting this well-settled precedent, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.

Dated: August 9, 2011                              BY THE COURT:

                                                              **/s/John L. Kane**

                                                              Senior U.S. District Judge